**O**

# United States District Court
# Central District of California

| | |
|---|---|
| AIMEE VASQUEZ; ANN MARIE MERCER; JENNIFER PRISCARO; DEEDRA TOUSCHNER,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF LANCASTER; and DOES 1-100, inclusive<br><br>　　　　　　　Defendants. | Case No. 2:15-cv-08440-ODW(JEM)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT [32]** |

## I. INTRODUCTION

Plaintiffs Aimee Vasquez, Ann Marie Mercer, Jennifer Priscaro, and Deedra Touschner (collectively, "Plaintiffs") filed the pending Motion to Amend the Scheduling Order and Motion for Leave to File a First Amended Complaint. (Mot. to Am., ECF No. 32.)[1] Plaintiffs seek to add two new claims to their Complaint: (1) Breach of Employment Contract and (2) Breach of the Implied Covenant of Good Faith and Fair Dealing. (*Id.* at 2.) Only Vasquez, Mercer, and Priscaro seek to add these two contractual claims against Defendant. ([Proposed] First Am. Compl. for

---

[1] Having considered the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

Damages ¶¶ 84–98, ECF No. 32, Ex. 1.)  Based on the analysis below, the Court **DENIES** Plaintiffs' Motion.  (ECF No. 32.)

## II.     ANALYSIS

### A.     Good Cause

The deadline to amend pleadings was June 13, 2016.  (Scheduling and Case Management Order, ECF No. 13.)  Plaintiffs seek to add the two new claims in response to Defendant's argument that Plaintiffs cannot recover damages for "working out of class" under the Fair Labor Standards Act ("FLSA").  (Mot. to Am. 3.)  In its Motion for Summary Judgment against Mercer, Defendant argues that all the FLSA requires is that "an employee be paid at least the minimum wage for all hours worked, and . . . overtime pay for each hour in excess of the statutory minimum," and therefore does not address the issue of an employee "working out of class."  (Mot. for Summary Judgment 17, ECF No. 28-1.)  While Plaintiffs continue to argue that they can recover damages for "working out of class" under the FLSA, they also seek to add the two new claims "as definitive, separate causes of action."  (Mot. to Am. 3–4.)

The Federal Rules of Civil Procedure take a liberal position on amending pleadings before trial.  Fed. R. Civ. P. 15(a).  However once the deadline to amend pleadings in the scheduling order has passed, Rule 15(a)'s generous standard gives way to the more stringent good-cause standard of Rule 16(b)(4).  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

In applying the good-cause standard, a court "primarily considers the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citations omitted).  If the party "seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted."  *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal citations omitted).

The Court takes issue with Plaintiffs' Motion to Amend for several reasons. First, the Motion was filed on November 7, 2016, in the face of motions for summary judgment against Plaintiffs Vasquez and Touschner, almost five months after the June 13, 2016 deadline to amend pleadings. Further, the Complaint itself was filed over a year ago in September 2015. (*See* Compl., ECF No. 1, Ex. 1.)

Second, it is not clear why Plaintiffs waited this long to add the two new claims. Plaintiffs offer no specific explanation in their Motion and allege no new facts. *See Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982) (holding that the district court did not abuse its discretion in denying a plaintiff's motion to amend where the plaintiff "provided no satisfactory explanation for his failure to fully develop his contentions originally . . . and [the motion] was not premised upon new facts"). Indeed, Plaintiffs' only rationale for adding these new claims now seems to be the fact that Defendant has challenged their ability to recover damages for "working out of class" under FLSA—a challenge which seems to have surprised them. (*See* Reiss Decl. ¶¶ 4–8, ECF No. 32, Ex. 1.) But carelessness in pleading "is not compatible with a finding of diligence and offers no reason for a grant of relief." *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1194 (C.D. Cal. 2009), aff'd sub nom. *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975 (9th Cir. 2011) (internal citations omitted). Plaintiffs easily could have pleaded the two new claims in their initial complaint but failed to do so. The initial omission of the two new claims evidences a lack of diligence on Plaintiffs' part.

Third, contrary to Plaintiffs' claims, judicial expediency would not be furthered by allowing them to amend their complaint at this stage of the proceeding. Plaintiffs argue that granting this Motion would expedite the case by allowing them to bring claims that would otherwise have to be brought in an entirely different suit. (*See* Mot. to Am. 5.) However, Plaintiffs fail to balance this consideration with the fact that significant resources have already been expended on *this* case. Defendant has no doubt spent extensive time and incurred considerable expense preparing and filing its

1 motions for summary judgment against two of the four Plaintiffs. Allowing the
2 addition of the two new claims would require Defendant to essentially restart its
3 defense and alter its pleading strategy; it would require Defendant to rewrite and refile
4 its Motions for Summary Judgment. This would extend the case–already over a year
5 old–several more months at the very least. Given the advanced stage of the litigation,
6 the Court finds that granting this motion would cause prejudice to Defendant. *See C.F*
7 *v. Capistrano*, 656 F. Supp. 2d at 1196 (summarizing *Southwestern Bell Telephone*
8 *Co. v. City of El Paso*, 346 F.3d 541 (5th Cir. 2003) and concluding that the "court
9 affirmed [the denial of the motion to amend] because the defendants did not offer a
10 satisfactory explanation for the delay in seeking leave to amend, [and] there would be
11 significant prejudice to the other party in allowing untimely additional counterclaims,"
12 among other reasons). Thus, Plaintiffs have not presented sufficient evidence to
13 establish good cause to amend their complaint to add the two additional claims.

14 **B.    Futility**

15 Even if the Court found good cause, it would not allow the addition of the two
16 new claims. Allowing such an amendment would be futile because Plaintiffs—as
17 public employees—cannot bring claims based on breach of contract or breach of the
18 implied covenant of good faith and fair dealing under California law. (Opp. 4–5, ECF
19 No. 33); *see Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (articulating
20 five factors that are taken into account in assessing the propriety of a motion to
21 amend, including "futility of amendment"). Futility is established when the proposed
22 amendment does not state a claim. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d
23 531, 537 (9th Cir. 1989).

24 "It is well settled in California that public employment is not held by contract
25 but by statute." *Miller v. State of California*, 18 Cal. 3d 808, 813 (1977). "Relying on
26 Miller, [the California] Supreme Court has made it clear that civil service employees
27 cannot state a cause of action for breach of contract or breach of the implied covenant
28 of good faith and fair dealing." *Kim v. Regents of the University of California*, 80 Cal.

4

App. 4th 160, 164 (2000); *see also Gibson v. Office of Atty. Gen.*, 561 F.3d 920, 929 (9th Cir. 2009). This is true for both civil service and non-civil service public employees. *Hill v. City of Long Beach*, 33 Cal. App. 4th 1684, 1690 (1995). The "bar to contractual claims by government employees applies to claims based on alleged failure to pay compensation." *Jappa v. California*, No. 08CV1813 WQH (POR), 2009 WL 69312, at *3 (S.D. Cal. Jan. 8, 2009) (citing *Kim,* 80 Cal. App. 4th at 164). Because Plaintiffs cannot state a claim for either of the two new claims, the proposed amendment would be futile.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Amend.

**IT IS SO ORDERED.**

November 29, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**